**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | |
|---|---|
| JUSTIN PORTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-523 |
| ) | |
| JOHN COMBS, ) | |
| ) | |
| and ) | |
| ) | |
| TEAM ONE LACROSSE, L.L.C., ) | |
| ) | |
| and ) | |
| ) | |
| SMP TEAM ONE, L.L.C., ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF AND DAMAGES**

NOW COMES Plaintiff, JUSTIN PORTER ("PORTER") for himself, by and through his attorneys, Cunningham & Smith Law Group, 22 W. Washington St., Ste. 1500, Chicago, IL 60602, and respectfully states his Complaint against Defendants, JOHN COMBS ("COMBS"), TEAM ONE LACROSSE, L.L.C. ("TEAM ONE"), and SMP TEAM ONE, L.L.C. ("SMP"), collectively "DEFENDANTS", jointly and severally, as follows:

**INTRODUCTION**

1. PORTER commences this action pursuant to 17 U.S.C §501 through which he seeks recourse for violations of his copyright, under federal, and common law, as well as other violations of his common law rights.

2. PORTER's claims arise out of a series of actions by the DEFENDANTS, jointly and individually.

3. In order to seek redress for a violation of his copyright and other common law rights, PORTER has filed this action to enjoin the continued violation, and to seek monetary damages for their infringement.

## THE PARTIES

4. PORTER resides at 1311 N. Bosworth Avenue, City of Chicago, County of Cook, State of Illinois.

5. Upon information and belief, at all times relevant, COMBS has been an individual residing in the Village of Wilmette, County of Cook, State of Illinois.

6. At all times relevant, TEAM ONE, LLC is and was a domestic Illinois company, managed and controlled solely by COMBS.

7. At all times relevant, SMP has been an Illinois company located at 3052 North Lake Terrace, Village of Glenview, County of Cook, State of Illinois.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action due to the federal question presented pursuant to 28 U.S.C §1331.

9. This Court has jurisdiction over this action due to PORTER's claims of copyright infringement pursuant to 28 U.S.C §1338, the Copyright Act.

10. This Court has supplement jurisdiction over the additional claims listed in this complaint pursuant to 28 U.S.C §1367, as they arise out of the same series of actions that have lead to the filing of the copyright infringement claim.

11. The Court has jurisdiction over this action and the statute of limitations has not expired because DEFENDANTS have unlawfully reproduced the copyrighted work at issue in the years 2014 and 2015, and continue to do so as of the date of filing this action.

## STATEMENT OF FACTS

12. In April 2010, PORTER and COMBS entered into an oral employment contract, whereby PORTER would coach several youth lacrosse teams for COMBS' lacrosse club, TEAM ONE.

13. In consideration for coaching TEAM ONE's lacrosse teams, COMBS agreed to pay PORTER a per diem amount based upon hours worked and practices coached.

14. PORTER began coaching for TEAM ONE in April 2010.

15. At the time PORTER began working with COMBS and TEAM ONE, TEAM ONE employed two (2) coaches on salary.

16. PORTER coached under the per diem agreement for TEAM ONE from April 2010 until the end of July 2010, when PORTER took a two (2) week break from coaching.

17. Prior to PORTER leaving for the break, COMBS promised PORTER that a full-time employment contract would be put in place upon his return in late August 2010, under similar terms as the existing salaried coaches' agreements.

18. Upon information and belief, COMBS did not have enough money to pay PORTER as promised, due in part to an ongoing business dispute that COMBS was involved in at the time.

19. Due to his inability to compensate PORTER with a salaried position upon his return in August 2010, COMBS promised to pay PORTER five-hundred dollars ($500) bi-weekly until TEAM ONE was in a position to afford the contract that was originally promised to PORTER.

20. In September 2010, one of TEAM ONE's coaches suggested to COMBS that he procure PORTER's skills as a drawing artist to design a logo for TEAM ONE.

21. COMBS instructed PORTER that if PORTER could design a logo for TEAM ONE and it was used, then COMBS would compensate PORTER for the logo independently of the services that PORTER already provided as a coach.

22. On or around October 24, 2010, PORTER completed several sketches and showed the logos to COMBS for consideration.

23. COMBS chose to use a logo design ("the logo") comprised of a block letter "T", with two Native American-style bird feathers, each feather containing four (4), six (6) point stars therein.

24. COMBS instructed PORTER that he would be compensated for the logo, notwithstanding the compensation for coaching services being provided, as soon as TEAM ONE secured the funds to pay for the logo, and PORTER agreed to allow use of the logo by COMBS for TEAM ONE lacrosse equipment and memorabilia, under the condition that he was to be compensated for his work when the funds became available.

25. In or around January 2011, COMBS changed PORTER's pay structure for coaching from five-hundred dollars ($500) every two weeks to an annual salary of twenty-five thousand dollars ($25,000), as an attempt to satisfy the originally-promised contract rate prior to PORTER's break in July 2010.

26. The salaried rate contained no consideration for the logo design.

27. On several occasions, PORTER requested updates from COMBS regarding payment for the logo, and on several occasions COMBS acknowledged that he had not yet compensated PORTER for the logo. COMBS' explanation to PORTER was that TEAM ONE had not yet secured the money for the logo.

28. In or around September 2011, PORTER became aware of a possible acquisition/merger between TEAM ONE and Sports Made Personal, a soccer and lacrosse club.

29. In September 2011, COMBS confirmed via email communication with PORTER that PORTER's new compensation package would be thirty-one thousand, two-hundred dollars ($31,200) annually, consisting of twenty-seven thousand dollars ($27,000) annual salary plus four-thousand, two-hundred dollars ($4,200) per year in insurance coverage.

30. In the same email conversation, PORTER asked how he would be compensated for his logo should the merger indeed go through. Defendant COMBS assured PORTER that the possible merger would position COMBS to compensate PORTER for the logo.

31. In December 2011, COMBS accepted a proposition from Sports Made Personal to acquire and merge with TEAM ONE to form the new entity of SMP TEAM ONE, L.L.C. ("SMP").

32. On December 7, 2011 SMP drafted a letter to PORTER laying out the terms of his employment with the newly formed company, signed by Stacy Shane ("Stacy"), CEO of SMP.

33. The letter states, in relevant part:

> "You are being hired as a full time Director to direct TEAM ONE's programs (the "Program"). Your responsibilities will include developing and growing the program, hiring, graining and supervising Program staff, creating Program schedules, coordinating sales activities for the Program, and other responsibilities that may be assigned to you."

34. In an effort to clear up some ambiguity surrounding PORTER's role with SMP, Stacy sent PORTER an email on December 15, 2011 with further details about expectations of PORTER.

35. The email stated, in relevant part:

> "You will work with SMP TEAM ONE'S "high end players" as a Coach/Trainer for: •Travel Teams •Team 101 •Self-Branded Camps ……….We also anticipate you doing 10 appearances throughout the year which may fall under the following: •Company marketing options (you will always be accompanied by another TEAM ONE representative at these) •Shooting/ Coaching Demonstrations."

36. PORTER was not required to sign any new contract or other papers to retain his position through the transition into the newly formed company.

37. Upon information and belief, the merger between TEAM ONE and SMP included an asset purchase arrangement of all intellectual property belonging to TEAM ONE.

38. On January 10, 2012, PORTER revoked the existing license for use of the logo via email communication to SMP.

39. Following this communication by PORTER to SMP's management, COMBS communicated to PORTER via email that issues or discussion surrounding use of the logo should go through COMBS and not through SMP, even though, upon information and belief, the merger dictates that SMP was the new owner of COMBS' and TEAM ONE's intellectual property.

40. On February 26, 2013, PORTER was given papers threatening that his employment status would be reduced to independent contractor at the end of the month. This threat was later retracted and PORTER was able to retain his salaried position and health benefits after an in-person meeting with SMP management.

41. PORTER's salaried employment status remained unaltered until June 2014.

42. Throughout this period, PORTER made various attempts to resolve the logo compensation issue.

43. In June 2014, PORTER attended a meeting whereby SMP management notified PORTER that he should expect a raise in pay to reflect exceptional performance as a coach and recruiter for the company. In this meeting, PORTER addressed the issue of compensation for the

logo, which the newly-formed company was now using on all team equipment and retail sales merchandise, but the issue was put off until "a later date".

44. In an attempt to discourage PORTER from pursuing the rights to the logo any further, the DEFENDANTS promised to PORTER that he would soon be moved up into the executive ranks of the company.

45. In or around late October 2014, SMP management again approached PORTER regarding demoting him from his salaried employee status to an hourly employee with no benefits.

46. On or around November 6, 2014, PORTER had a meeting with SMP management to discuss the proposition of reducing PORTER's employment status to an hourly employee and to discuss use of and compensation for the logo.

47. In this meeting, PORTER reiterated to SMP that he did not want them using the logo any longer.

48. PORTER owns all rights, title and interest in the logo, including a United States Copyright Certificate of Registration for the logo, and has standing to sue for enforcement of that copyright.

49. In addition to the unlawful use of PORTER's original logo, DEFENDANTS have now recreated the copyrighted logo and implemented a purple version of the logo for their feminine apparel.

50. Despite PORTER's repeated communications to stop using the logo, DEFENDANTS continue to reproduce and use the logo on their merchandise and team equipment.

## COUNT I: COPYRIGHT INFRINGEMENT BY
## JOHN COMBS AND TEAM ONE LACROSSE, L.L.C.

51. PORTER incorporates by reference paragraphs 1-48 as if fully rewritten herein.

52. Under Federal law, to prove a claim for copyright infringement, a plaintiff must prove that je is the owner of a valid copyright and that the defendant copied his work. *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994) (quoting *Feist Publ'ns Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282 (1991)).

53. Violation of any of the exclusive rights of the copyright owner constitutes infringement. 17 U.S.C. §501(a).

54. These exclusive rights include the right to reproduce the work, the right to prepare derivative works based on the work, the right to distribute copies of the work to the public, and the right to display the work publicly. 17 U.S.C. § 106(1)-(3) & (5).

55. Defendant COMBS was given conditional use of the logo for TEAM ONE.

56. COMBS made use of the logo in a manner that was not reasonably anticipated when he sold the rights to use of the logo to Sports Made Personal and SMP TEAM ONE without PORTER's knowledge or consent.

57. COMBS and/or TEAM ONE failed to compensate PORTER for the creation and use of the logo, and sold the logo as if he was in fact the owner of the copyright to the logo.

58. COMBS's and/or TEAM ONE's acts of infringement were done with knowledge that such actions constitute an infringement of PORTER's exclusive rights and are, therefore, willful.

WHEREFORE, Plaintiff JUSTIN PORTER prays that this Honorable Court enter a judgment against Defendants JOHN COMBS and TEAM ONE, L.L.C. for copyright infringement, and enter a finding that such infringement is willful, and:

- a. Order that Defendants JOHN COMBS and TEAM ONE, L.L.C. be permanently enjoined from all acts of infringement of PORTER's copyright as provided in 17 U.S.C §502, further enjoining Defendants JOHN COMBS and TEAM ONE, L.L.C. and all those in concert of participation with it from further acts of infringement and contributory infringement of PORTER's copyright;
- b. Award Plaintiff JUSTIN PORTER damages as provided in 17 U.S.C. §504 for all infringements;
- c. Award Plaintiff JUSTIN PORTER costs and attorneys' fees as provided by 17 U.S.C. §505; and
- d. Grant such other remedies that this Court deems reasonable and just.

## COUNT II: COPYRIGHT INFRINGEMENT BY
## SMP TEAM ONE, L.L.C.

59. PORTER incorporates by reference paragraphs 1-58 as if fully rewritten herein.

60. Defendant SMP directly infringed PORTER's exclusive rights in its copyrighted work in violation of 17 U.S.C. §§106(1)- 106(6).

61. SMP re-created the logo and changed the colors to purple and red to be more feminine, for use of the logo on women's wear. These actions violate PORTER's exclusive rights by copying and creating a derivative work of the copyrighted original work, or the constituent elements thereof, and by authorizing the unlawful reproduction against the explicit demands of PORTER not to use the copyrighted work.

62. SMP's acts of infringement were done with knowledge that such actions constitute an infringement of PORTER's exclusive right and are, therefore, willful.

WHEREFORE, Plaintiff JUSTIN PORTER prays that this Honorable Court enter a judgment against Defendant SMP TEAM ONE, L.L.C. for copyright infringement, and enter a finding that such infringement is willful, and:

   a. Order that Defendant SMP TEAM ONE, L.L.C. be permanently enjoined from all acts of infringement of PORTER's copyright as provided in 17 U.S.C §502, further enjoining Defendant SMP TEAM ONE, L.L.C. and all those in concert of participation with it from further acts of infringement and contributory infringement of PORTER's copyright;
   b. Award Plaintiff JUSTIN PORTER damages as provided in 17 U.S.C. §504 for all infringements;
   c. Award Plaintiff JUSTIN PORTER costs and attorneys' fees as provided by 17 U.S.C. §505; and
   d. Grant such other remedies that this Court deems reasonable and just.

## COUNT III: CONTRIBUTORY INFRINGEMENT BY JOHN COMBS AND TEAM ONE LACROSSE, L.L.C.

63. PORTER incorporates paragraphs 1-62 as if fully rewritten herein.

64. By including the rights to use of the logo in the sale/merger of TEAM ONE into SMP, COMBS and TEAM ONE materially contributed to SMP's infringement of PORTER's exclusive rights under 17 U.S.C. §502.

WHEREFORE, Plaintiff JUSTIN PORTER prays that this Honorable Court enter a judgment against Defendants JOHN COMBS and TEAM ONE, L.L.C. for copyright infringement, and enter a finding that such infringement is willful, and:

  a. Order that Defendants JOHN COMBS and TEAM ONE, L.L.C. be permanently enjoined from all acts of infringement of PORTER's copyright as provided in 17 U.S.C §502, further enjoining Defendants JOHN COMBS and TEAM ONE, L.L.C. and all those in concert of participation with it from further acts of infringement and contributory infringement of PORTER's copyright;
  b. Award Plaintiff JUSTIN PORTER damages as provided in 17 U.S.C. §504 for all infringements;
  c. Award Plaintiff JUSTIN PORTER costs and attorneys' fees as provided by 17 U.S.C. §505; and
  d. Grant such other remedies that this Court deems reasonable and just.

## COUNT IV: CONTRIBUTORY INFRINGEMENT BY SMP TEAM ONE, L.L.C.

65. PORTER incorporates by reference paragraphs 1-64 as if fully rewritten herein.

66. Defendant SMP knew or should have known of the infringing activity by COMBS and TEAM ONE.

67. SMP aided, induced, and contributed to the infringing activity of COMBS and TEAM ONE.

68. SMP's acts of copying and creating a derivative work are a direct infringement of PORTER's copyright in its original work.

WHEREFORE, Plaintiff JUSTIN PORTER prays that this Honorable Court enter a judgment against Defendant SMP TEAM ONE, L.L.C. for copyright infringement, and enter a finding that such infringement is willful, and:

  a. Order that Defendant SMP TEAM ONE, L.L.C. be permanently enjoined from all acts of infringement of PORTER's copyright as provided in 17 U.S.C §502, further enjoining Defendant SMP TEAM ONE, L.L.C. and all those in concert of

      participation with it from further acts of infringement and contributory infringement of PORTER's copyright;

  b. Award Plaintiff JUSTIN PORTER damages as provided in 17 U.S.C. §504 for all infringements;

  c. Award Plaintiff JUSTIN PORTER costs and attorneys' fees as provided by 17 U.S.C. §505; and

  d. Grant such other remedies that this Court deems reasonable and just.

## COUNT V: VICARIOUS INFRINGEMENT BY
## JOHN COMBS AND TEAM ONE LACROSSE, L.L.C.

69. PORTER incorporates by reference paragraphs 1-68 as if fully rewritten herein.

70. Defendants JOHN COMBS and TEAM ONE are jointly and severally liable for the direct infringement and contributory copyright infringement of PORTER's copyright.

71. During all times relevant, COMBS and TEAM ONE had the right and ability to supervise the infringing activity of SMP and had a direct financial interest in the activities that gave rise to SMP's unauthorized copying and distribution of PORTER's copyrighted work.

72. As a direct and proximate result, COMBS and TEAM ONE are vicariously liable for the infringing activities of SMP.

WHEREFORE, PORTER prays this Court will enter judgment against Defendant COMBS for vicarious copyright infringement, and enter a finding that such infringement was willful, further ordering that Defendant COMBS:

  a. Order that Defendants JOHN COMBS and TEAM ONE, L.L.C. be permanently enjoined from all acts of infringement of PORTER's copyright as provided in 17 U.S.C §502, further enjoining Defendants JOHN COMBS and TEAM ONE, L.L.C. and all those in concert of participation with it from further acts of infringement and contributory infringement of PORTER's copyright;

  b. Award Plaintiff JUSTIN PORTER damages as provided in 17 U.S.C. §504 for all infringements;

  c. Award Plaintiff JUSTIN PORTER costs and attorneys' fees as provided by 17 U.S.C. §505; and

    d.   Grant such other remedies that this Court deems reasonable and just.

Plaintiff requests a trial by jury.

                                                        Respectfully Submitted,

                                                        Aasim Cunningham
                                                           Illinois Attorney No. 6312608
                                                     CUNNINGHAM & SMITH LAW GROUP
                                                     22 W. Washington St. #1500
                                                     Chicago, IL 60602
                                                     T: 312-216-0600
                                                     F: 312-546-7703
                                                     info@cunninghamsmithlaw.com

                                                     *Attorney for Plaintiff*